**FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, for himself and on behalf of a class of similarly-situated individuals; ABDIRIZAK ADEN FARAH, for himself and on behalf of a class of similarly-situated individuals; JOSE FARIAS CORNEJO; YUSSUF ABDIKADIR; ABEL PEREZ RUELAS, <br><br> Petitioners-Appellees/ Cross-Appellants, <br><br> and <br><br> EFREN OROZCO, <br><br> Petitioner, <br><br> v. <br><br> DAVID MARIN, Field Office Director, Los Angeles District, Immigration and Customs Enforcement; KIRSTJEN NIELSEN, Secretary, Homeland Security; MATTHEW G. WHITAKER, Acting Attorney General; WESLEY LEE, Assistant Field Office Director, Immigration and Customs Enforcement; RODNEY PENNER, Captain, Mira Loma Detention Center; SANDRA HUTCHENS, Sheriff of Orange County; NGUYEN, Officer, Officer-in-Charge, Theo Lacy Facility; DAVIS NIGHSWONGER, Captain, Commander, Theo Lacy Facility; MIKE KREUGER, Captain, Operations Manager, James A. Musick Facility; | Nos. 13-56706 <br> 13-56755 <br><br> D.C. No. 2:07-cv-03239-TJH-RNB <br><br> ORDER |

ARTHUR EDWARDS, Officer-in-Charge, Santa Ana City Jail; RUSSELL DAVIS, Jail Administrator, Santa Ana City Jail; JAMES McHENRY, Director, Executive Office for Immigration Review,

Respondents-Appellants/
Cross-Appellees.

On Remand From The United States Supreme Court

Argued and Submitted October 29, 2018
Pasadena, California

Before: Kim McLane Wardlaw and Ronald M. Gould, Circuit Judges, and Sam E. Haddon,[*] District Judge.

In *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018), the Supreme Court held that we misapplied the canon of constitutional avoidance to hold that certain immigration detention statutes, namely 8 U.S.C. §§ 1225(b), 1226(a), and 1226(c), implicitly contain a reasonableness determination after which due process concerns require that persons in prolonged mandatory detention are entitled to individualized bond hearings and possibly, conditional release. Although the Court sought and received briefing on the straightforward constitutional question, i.e. without the implicit requirement of due process for persons in arbitrary prolonged detention, whether these detention statutes are constitutional, it declined

---

[*] The Honorable Sam E. Haddon, United States District Judge for the District of Montana, sitting by designation.

2

to reach the constitutional question. The Court instead chose to answer only the question whether the statutory text itself included a limit on prolonged detention or a requirement of individual bond hearings. In an opinion authored by Justice Alito, the Court concluded that as a matter of statutory construction, the only exceptions to indefinite detention were those expressly set forth in the statutes or related regulations. *See* 8 U.S.C. § 1182(d)(5)(A) (humanitarian parole); 8 U.S.C. § 1226(a)(2)(A) (bond); 8 U.S.C. § 1226(c)(2) (witness protection); 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1) (bond hearing).

The Court then remanded the constitutional issues to our court, and we now, taking our cue from it, likewise remand this case to the district court, which

> had no occasion to consider [petitioners'] constitutional arguments on their merits. Consistent with our role as "a court of review, not of first view," we do not reach those arguments. Instead, we remand the case to the [district court] to consider them in the first instance.

*Rodriguez*, 138 S. Ct. at 851 (citation omitted).

The Court also decided to give us some homework on issues not raised by the parties, asking us to reexamine whether the class should remain certified for consideration of the constitutional issues and available class remedies and whether a Rule 23(b)(2) class action remains the appropriate vehicle in light of *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), and as a means for resolving petitioners' due process clause claims. The composition of the various subclasses may also require reconsideration. Because district courts have vastly more

experience with class litigation than appellate courts, we also remand these questions to the district court to be decided in the first instance.

For purposes of this analysis, the district court should determine "the minimum requirements of due process" for each subclass. *Morrissey v. Brewer*, 408 U.S. 471, 488–89 (1972) (requiring specific procedural protections in the context of parole revocations). Although due process is a "flexible" concept, *id.* at 481, certainly no process at all may be a common characteristic of each of the statutes at issue. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotation marks and citation omitted). The district court should also reassess and reconsider both the clear and convincing evidence standard and the six-month bond hearing requirement.

We need not remand the question of jurisdiction over this habeas claim, as it is clear that we have jurisdiction over petitioners' claims, as does the district court. First, we have jurisdiction under 8 U.S.C. § 1252(f)(1), which states that "no court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation of [§§ 1221–1232], other than with respect to the application of such provisions to an individual alien against whom proceedings under such part have been initiated." All of the individuals in the putative class are "individual[s] against whom proceedings under such part have been initiated" and are pursuing

habeas claims, albeit as a class, which nowhere appear affected by § 1252(f)(1). The statute does not on its face bar class actions, and even if *Reno v. American-Arab Anti-Discrimination Committee* forecloses the argument that § 1252(f)(1) allows classwide injunctive relief, it does not affect classwide declaratory relief. 525 U.S. 471, 481 (1999). Section 1252(f)(1) also does not bar the habeas class action because it lacks a clear statement repealing the court's habeas jurisdiction.[1] *I.N.S. v. St. Cyr*, 533 U.S. 289, 298 (2001) (relying on "the longstanding rule requiring a clear statement of congressional intent to repeal habeas jurisdiction" (citation omitted)).

Second, 8 U.S.C. § 1252(b)(9) does not preclude jurisdiction. Section 1252(b)(9) restricts "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien," except review of final orders of removal. Here, Petitioners "are not asking for review of an order of removal; they are not challenging the decision to detain them in the first place or to

---

[1] The district court must decide in the first instance whether § 1252(f)(1) precludes classwide injunctive relief, and if so, whether the availability of declaratory relief only can sustain the class. *Rodriguez*, 138 S. Ct. at 851. The district court must also consider whether a declaration that the detention statutes are unconstitutional because they contain *no* process for seeking bail is an injunction or restraint on the operation of the detention statutes. 8 U.S.C. § 1252(f)(1).

seek removal; and they are not even challenging any part of the process by which their removability will be determined." *Rodriguez*, 138 S. Ct. at 841.

Finally, 8 U.S.C. § 1226(e) does not preclude jurisdiction. Section 1226(e) prohibits judicial review of the Attorney General's "discretionary judgment," "action," or "decision" regarding the apprehension, detention, or release of a noncitizen. Here, "contesting the constitutionality of the entire statutory scheme under the Fifth Amendment . . . is not a matter of discretionary judgment, action, or decision" and thus "falls outside of the scope of § 1226(e)." *Rodriguez*, 138 S. Ct. at 841 (internal quotation marks omitted).

Like the Supreme Court, we do not vacate the permanent injunction pending the consideration of these vital constitutional issues. We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so. Arbitrary civil detention is not a feature of our American government. "[L]iberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). Civil detention violates due process outside of "certain special and narrow nonpunitive

circumstances." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (internal quotation

marks and citation omitted).  As Justice Breyer wrote in *Rodriguez*,

> The Fifth Amendment says that "[n]o person shall be . . . deprived of life, liberty, or property without due process of law."  An alien is a "person."  To hold him without bail is to deprive him of bodily "liberty."  And, where there is no bail proceeding, there has been no bail-related "process" at all.  The Due Process Clause—itself reflecting the language of the Magna Carta—prevents arbitrary detention.

138 S. Ct. at 861 (Breyer, J., dissenting) (alteration in original) (citations omitted).[2]

In conclusion, we therefore remand with instructions to the district court to

consider and determine: (1) whether the class certified by the district court should

remain certified for consideration of the constitutional issue and available class

remedies; (2) whether classwide injunctive relief is available under 8 U.S.C. §

1252(f)(1); (3) whether a Rule 23(b)(2) class action (a) remains the appropriate

vehicle in light of *Walmart Stores, Inc. v. Duke*, 564 U.S. 338 (2011), and (b)

whether such a class action is appropriate for resolving Petitioners' due process

claims; (4) whether composition of the previously identified subclasses should be

reconsidered; (5) the minimum requirements of due process to be accorded to all

claimants that will ensure a meaningful time and manner of opportunity to be

---

[2]    By referencing the issues spotted by the *Rodriguez* majority, we do not intend to restrict the district court from considering any other relevant issue, such as the scope of remedies available to the subclasses if the court should find a constitutional violation.

7

heard; and (6) a reassessment and reconsideration of both the clear and convincing evidence standard and the six-month bond hearing requirement.

**REMANDED.**